# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH WILLIAM JETER,**

        **Petitioner,**

      **v.**                         **Case No. 26-CV-716**

**MILWAUKEE COUNTY JAIL,**

        **Respondent.**

## ORDER

Keith William Jeter is in custody awaiting trial on three separate felony cases pending in Milwaukee County Circuit Court. *See* Milwaukee Cnty. Cir. Ct. Case Nos. 2025CF005065, 2024CF004309, 2020CF003695. He filed a petition for a writ of habeas corpus alleging that his right to a speedy trial has been violated. Accompanying his petition was a motion to proceed without prepayment of the filing fee. Because the record indicates that he lacks the resources to pay the $5 filing fee, the court will grant that motion.

There are two overlapping speedy trial rights. The first is the constitutional right arising from the Sixth Amendment. The second arises from state law. *See* Wis. Stat. § 971.10. The constitutional right is automatic; the statutory right must be invoked by the defendant. A federal court can grant relief only for violations of the constitutional right to a speedy trial, but only under limited circumstances. *See*

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *see also Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Bradley v. Lucas*, No. 22-CV-1269, 2022 U.S. Dist. LEXIS 204767, at *4 (E.D. Wis. Nov. 9, 2022).

Jeter did not attach to his petition any motion that he filed in any Wisconsin court or any judicial decision denying him relief. All he offers is his statement that he was arrested on September 5, 2025 (it was actually 2024) and he was denied a speedy trial on some day that he does not remember. (ECF No. 1 at 10.)

The publicly available dockets in Jeter's state court cases do not indicate that he ever filed any motion or demand related to his right to a speedy trial in the 2024 case that is the focus of his petition. He invoked his statutory right to a speedy trial in the 2020 case but then he failed to appear and was a fugitive for over 15 months until his arrest in September 2024.

The docket in the 2024 case indicates that Jeter's case was delayed when, in March 2025, about six months after he was charged, he sought a new attorney. Despite the court's caution that it might take some time to appoint new counsel, Jeter stated he wished to proceed. New counsel was not appointed until October 16, 2025.

But more important than the reason for any delay in Jeter's trial, there is the matter of exhaustion. A federal court generally cannot grant a petition for habeas corpus, whether under 28 U.S.C. § 2241 or § 2254, unless the petitioner first exhausts his state court remedies.

Speedy trial claims can afford a narrow exception to this broad rule, provided the petitioner seeks only release from custody and not dismissal of the underlying charges. *See, e.g.*, *Stites v. Schmidt*, No. 17-CV-1318, 2017 U.S. Dist. LEXIS 169327, at *3 (E.D. Wis. Oct. 13, 2017). Nonetheless, a person facing state charges cannot turn to a federal court as a first option. Bedrock principles of federalism and comity require that a person first seek relief in federal court. *Id.* at *3-*4. Federal courts do not inject themselves into state cases without first giving those state courts an opportunity to correct any alleged error.

Aside from his vague and unsupported statement that on some unknown date the state court denied his right to a speedy trial, Jeter offers nothing suggesting that he raised a speedy trial claim in the state court. His assertion of having done so is not supported by the docket. This failure to present the claim in the state court is reason enough dismiss his petition.

Even if the court was able to consider the merits of his petition, it would fail. "[T]he right to [a] speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied." *Barker v. Wingo*, 407 U.S. 514, 521 (1972). "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Id.* (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)).

Jeter is facing extremely serious charges. Serious charges require a lot of time for defense counsel to prepare. The case essentially started over in October 2025 when

Jeter, dissatisfied with prior counsel, obtained new counsel. A final pretrial is scheduled for July and a jury trial for September. Given the seriousness of the charges and the likely factual, legal, and evidentiary issues associated with such charges that timeline is consistent with the Sixth Amendment.

Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," *see* R.4, R. Governing Section 2254 Cases; *cf. id*. R. 1(b); Civ. L.R. 9(a)(2), the court must dismiss Jeter's petition.

Because the court is dismissing his petition, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Jeter a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that Jeter's claims are both untimely and unexhausted and there is no basis by which Jeter may evade these procedural obstacles, the court therefore must decline to issue a certificate of appealability

**IT IS THEREFORE ORDERED** that the petitioner's motion to proceed without prepayment of the filing fee (ECF No. 2.) is **granted**.

**IT IS FURTHER ORDERED** that the petition and this action are **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 8th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge